```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
              DALLAS DIVISION
```

DAVID GRIMSLEY,                      §
                                     §
            Plaintiff,               §
                                     § Civil Action No. 3:09-CV-2011-D
VS.                                  §
                                     §
METHODIST RICHARDSON MEDICAL         §
CENTER FOUNDATION, INC.,             §
d/b/a METHODIST RICHARDSON           §
MEDICAL CENTER,                      §
                                     §
            Defendant.               §

MEMORANDUM OPINION
AND ORDER

In this action by a terminated employee under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, in which the plaintiff has sued a defendant who was not his employer, the court must decide whether it has subject matter jurisdiction, whether the defendant is entitled to summary judgment, and whether the plaintiff should be granted leave to amend to sue another defendant (alleged to be his employer). The court concludes that it has subject matter jurisdiction, that the defendant is entitled to summary judgment dismissing this action with prejudice, and that the plaintiff should be granted leave to add another defendant.

I

Plaintiff David Grimsley ("Grimsley") began working as a pharmacy technician at Richardson Regional Medical Center ("RRMC")

in January 2007.[1]  Throughout Grimsley's employment, RRMC was owned and operated by Richardson Hospital Authority ("RHA"), a governmental unit of the State of Texas.  Grimsley's employment was terminated in 2008.  After he filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter, he filed this action on October 22, 2009, alleging that his employer wrongfully discriminated against him, harassed him, terminated his employment on the basis of his age, and retaliated against him, in violation of the ADEA.  Grimsley sued defendants Methodist Richardson Medical Center Foundation, Inc. ("the Foundation"), d/b/a Methodist Richardson Medical Center and MHSR Medical Center ("MHSR").  By stipulation of dismissal, MHSR was dismissed as a defendant on December 1, 2010.

In June 2009 MHSR leased from RRMC the hospital facility where Grimsley had been employed.  At that time, the facility's name changed from RRMC to Methodist Richardson Medical Center ("MRMC").  The Foundation acts as the fundraising arm of MRMC.

The Foundation moves to dismiss Grimsley's lawsuit for lack of subject matter jurisdiction or, alternatively, for summary

---

[1]The court reviews the evidence in a light favorable to Grimsley as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

judgment. Grimsley moves for leave to file an amended complaint to add RHA as a defendant.

II

A

The Foundation moves to dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, contending that the court lacks subject matter jurisdiction because Grimsley has failed to satisfy his burden of proving that the ADEA applies to the Foundation.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). If subject matter jurisdiction is lacking, the court must dismiss the suit. *See Stockman*, 138 F.3d at 151.

The Foundation contends that the court lacks subject matter jurisdiction because Grimsley has failed to satisfy his burden of proving that the ADEA applies to the Foundation. The Foundation argues that, for the ADEA to apply, Grimsley must show that the Foundation falls within the statutory definition of an "employer" and that there was an employment relationship between him and the

Foundation. The Foundation posits that Grimsley cannot satisfy these two requirements. First, it asserts that it never employed Grimsley: it had no right to hire, fire, supervise, or schedule Grimsley during his employment at RRMC; his paychecks were issued by RHA d/b/a RRMC; and the Foundation never paid Grimsley's salary, provided benefits to him, or set the terms of his employment. Second, the Foundation contends that the ADEA does not apply to it because it does not meet the ADEA's employee-numerosity requirement, having never employed more than five people.

Grimsley responds that there is federal question jurisdiction because the ADEA applies to the Foundation. He does not address the ADEA's employee-numerosity requirement, but he urges that he had an employment relationship with the Foundation. Grimsley also posits that MHSR, now operating as MRMC, assumed RRMC's contracts when it leased from RHA in June 2009 the hospital facility where he was employed. He maintains that MRMC and the Foundation are the same entity. Grimsley notes that counsel representing the Foundation in this lawsuit also represented RRMC in his EEOC and Texas Worker's Compensation ("TWC") proceedings. And he posits that counsel for the Foundation possesses his personnel file from his period of employment at RRMC, but refused to admit this in response to one of his discovery requests. Grimsley therefore contends that the Foundation is responsible for MRMC's contracts and liabilities, including his employment relationship with RRMC.

The Foundation replies that the ties between it and MRMC do not establish that an employment relationship existed between the Foundation and Grimsley. First, the Foundation posits that Grimsley misinterprets the lease agreement between RHA d/b/a RRMC and MRMC. RHA's financial statements provide that "Methodist assumed all current liabilities and contracts of RHA's hospital operations and became the employer of . . . substantially all [RHA] employees." P. App. 1. The Foundation maintains that the word "Methodist" refers to MRMC, not to the Foundation. The Foundation asserts that although it performs auxiliary fundraising functions for MRMC, the two entities are separate, and the Foundation is not responsible for MRMC's employment contracts. The Foundation also contends that its discovery responses have consistently distinguished it from MRMC, and support the conclusion that the two are distinct entities. The Foundation therefore argues that the ADEA does not confer subject matter jurisdiction on this court because the Foundation had no employment relationship with Grimsley.

B

"[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 516 (2006). For example, the employee-numerosity requirement of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e *et seq.*, "relates to the substantive adequacy of [a plaintiff's] Title VII claim[.]" *Arbaugh*, 546 U.S. at 504. Similarly, the definition section of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, is a substantive ingredient of a claim for relief and not a jurisdictional limitation. *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 353 (5th Cir. 2006) (citing *Arbaugh*, 546 U.S. at 514-15). *See also EEOC v. Serv. Temps, Inc.*, 2010 WL 5108733, at *2 (N.D. Tex. Dec. 9, 2010) (Fitzwater, C.J.) (explaining the employee-numerosity requirement of Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, was substantive element of ADA claim, not jurisdictional limitation). The same reasoning applies to Grimsley's burden of proving that the Foundation meets the ADEA's employee-numerosity requirement. The ADEA employee-numerosity requirement is a substantive element of an ADEA claim found in the definition section of the statute. *See* 29 U.S.C. § 630(b) (defining the term "employer"). Moreover, "'[j]urisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action.'" *Serv. Temps*, 2010 WL 5108733, at *2 (quoting *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-17 (7th Cir. 1997)). The source of this court's subject matter jurisdiction is found not in whether the Foundation qualifies under the employee-numerosity requirement as an ADEA employer. It is

-6-

instead found in 28 U.S.C. § 1331, the statute that confers federal question jurisdiction.² As this court held recently in *Barron v. Patel*, 2011 WL 690183 (N.D. Tex. Feb. 16, 2011) (Fitzwater, C.J.): "The source of this court's subject matter jurisdiction in the present case does not turn on whether [the plaintiff] satisfies the statutory definition of an 'employee' but on whether her well-pleaded complaint asserts a federal-question cause of action." *Id.* at *1 (citing *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.)). The court has federal question jurisdiction because Grimsley's well-pleaded complaint alleges a claim under the ADEA, a claim arising under a law of the United States. The court therefore denies the Foundation's motion to dismiss for lack of subject matter jurisdiction.

III

A

The Foundation moves in the alternative for summary judgment. It argues that Grimsley has not presented and cannot present any evidence showing that the Foundation ever employed him, discriminated against him, terminated him, or retaliated against him, in violation of the ADEA. The Foundation maintains that RHA d/b/a RRMC, MRMC, and the Foundation are distinct entities. It denies that it ever employed Grimsley or assumed an employment

---

²28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

contract with Grimsley.

Grimsley responds that the Foundation and RHA are not distinct entities. First, he contends that MHSR assumed RRMC's contracts, including its employment contracts, when it leased the hospital facility from RHA in June 2009 and changed its name to MRMC. Grimsley maintains that the Foundation also assumed RRMC's employment agreements, including his, in this transaction. Second, Grimsley argues that the Foundation and RHA are the same entity because the Foundation's counsel represented RRMC in Grimsley's EEOC and TWC claims, and counsel for the Foundation also has custody of Grimsley's RRMC personnel file, but declined to produce it in discovery because the file was held on behalf of RRMC, not the Foundation. Third, Grimsley argues that a reasonable jury could find that he has established a prima facie case of discrimination. Fourth, he contends that a reasonable jury could find that he has established a prima facie case of retaliation.

B

Because the Foundation will not have the burden of proof on Grimsley's claims at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support Grimsley's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the Foundation does so, Grimsley must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Grimsley's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Grimsley's failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare*, 512 F.Supp.2d at 623. Summary judgment is mandatory if Grimsley fails to meet this burden. *Little*, 37 F.3d at 1076.

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Foundation has pointed to the absence of evidence that it was Grimsley's employer at the time of any of the acts in question. Grimsley responds that the Foundation employed him because it is not distinct from RHA, which leased the hospital premises where Grimsley worked to MRMC. He relies on two primary pieces of evidence: (1) the lease agreement between RRMC and MRMC and (2) the representation of RRMC provided by the Foundation's counsel concerning Grimsley's EEOC and TWC claims and subsequent retention of Grimsley's personnel file on behalf of RRMC.

Neither piece of evidence would permit a reasonable jury to find that the Foundation employed Grimsley at any time relevant to his lawsuit (i.e., at the time of his termination or when he was

allegedly the victim of other forms of discrimination and retaliation). First, Grimsley proffers one page of RHA's financial statement, which refers to the lease agreement between RHA and MHSR (the facility was later renamed MRMC) stating that "Methodist" assumed the employment contracts of RHA and RRMC. Grimsley argues that the term "Methodist" refers to the Foundation. The Foundation has submitted RHA's entire financial statement. A reasonable jury could only find from this document that the term "Methodist" refers to "Methodist Hospitals of Dallas" and not to the Foundation.

Second, Grimsley argues that RHA and the Foundation are the same entity because they are represented by the same counsel, who retained Grimsley's personnel file on behalf of RRMC. The fact that two separate legal entities share the same attorney does not make them the same legal entity and would not enable a reasonable jury to find that the Foundation was Grimsley's employer. And the fact that the lawyer retained Grimsley's personnel file on behalf of RRMC does not make the Foundation Grimsley's employer and would not enable a reasonable jury to find that the Foundation was his employer. Grimsley has offered no other evidence that the Foundation employed him, or that the Foundation is liable for the acts or omissions of RHA or RRMC as employers under the ADEA (or on any basis). Because Grimsley has not adduced evidence that would enable a reasonable jury to find that the Foundation was his employer at the time of any act of which he complains, he cannot

recover against the Foundation under the ADEA. The court therefore grants summary judgment dismissing his lawsuit against the Foundation with prejudice.

IV

A

Grimsley moves for leave to amend his complaint to add RHA d/b/a RRMC as a defendant. The Foundation maintains that RRMC and RHA actually employed Grimsley until his termination. Grimsley seeks leave to amend under Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Grimsley filed this lawsuit on October 22, 2009 and filed the motion for leave to amend on December 1, 2010. He attributes delay in filing the motion for leave to amend to his counsel's personal obligations. Grimsley maintains that the amendment will cause no prejudice or undue delay. According to Grimsley, the Foundation has been aware of his claim since its counsel responded to his initial EEOC and TWC charges on behalf of RRMC. He posits that the Foundation's insistence that it did not employ Grimsley indicates it was aware that he might sue another defendant employer in this lawsuit. Grimsley also argues that amendment to join RHA d/b/a RRMC as a defendant is proper under Rule 21[3] because he

---

[3]Rule 21: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

clearly seeks redress from his employer, even if he has not named the proper entity as a defendant.

The Foundation responds that Grimsley's motion should be evaluated under the good cause standard of Rule 16(b) because he moved for leave to amend his complaint seven months after the May 1, 2010 scheduling order deadline had elapsed for seeking leave to join parties and amend pleadings. The Foundation argues that Grimsley cannot show good cause for failing to comply with the scheduling order because he could have discovered the identity of his actual employer through his own diligence. The Foundation maintains that, throughout the discovery process, it denied that it had ever employed or terminated Grimsley. According to the Foundation, Grimsley's counsel did not inquire about the actual identity of Grimsley's employer until the day before discovery closed.

B

When, as here, the deadline for seeking leave to amend pleadings has expired,[4] a court considering a motion to amend must first determine whether to modify the scheduling order under the good cause standard of Rule 16(b)(4).[5] *See S & W Enters., L.L.C.*

---

[4]The court's February 17, 2010 scheduling order set May 1, 2010 as the deadline for filing motions for leave to amend pleadings and join parties.

[5]Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent."

-12-

*v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet this standard, the moving party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2). *See id.* at 536; *Valcho*, 658 F.Supp.2d at 814.

The court considers four factors when deciding whether an untimely motion for leave to amend establishes good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.).

C

Grimsley has not explicitly addressed the good cause standard of Rule 16(b)(4).[6]  He explains that he filed his motion for leave to amend at such a late date because his counsel was occupied with personal obligations.  This explanation inferentially addresses the first factor—the explanation for the failure to timely move for leave to amend—but it is relatively weak and certainly does not satisfy the diligence standard.

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order."  *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).  Grimsley first learned in the Foundation's December 28, 2009 answer that both the Foundation and MHSR denied ever having employed or terminated him.  The Foundation "denie[d] that [Grimsley] was employed by [the Foundation] d/b/a [MRMC] at all times relevant to the allegations set forth in Plaintiff's Complaint."  D. Ans. ¶ 3.  Grimsley had four months between the date of the Foundation's answer and the

---

[6]This court has summarily denied motions for leave to amend where the deadline for seeking leave had elapsed and the motion failed to address the Rule 16(b)(4) good cause standard.  In those cases, however, the court's approach did not, as here, result in a virtually certain dismissal with prejudice of the plaintiff's entire lawsuit.  Although Grimsley must still overcome the potential hurdle of a limitations defense resulting from his failure to sue the proper defendant in the first instance, his suit would certainly fail were the court to deny his motion based on a failure to address the Rule 16(b)(4) good cause standard.

scheduling order's May 1, 2010 deadline for filing motions for leave to amend pleadings to seek leave to amend or add a party or request an extension of time to file such a motion. On March 15, 2010, in its initial disclosures, the Foundation again denied that it had ever employed Grimsley. D. Ex. at 16. Grimsley did not seek leave to amend his complaint until December 1, 2010, the day after the court-ordered discovery deadline had elapsed. The court concludes that, exercising diligence, Grimsley could have identified his employer or sought leave to amend or an extension of time before the deadline prescribed in the scheduling order.

The court can determine from the record that the second factor—the importance of the amendment—favors finding good cause. The amendment is not only important, it is essential, because without it Grimsley would likely be unable to recover under the ADEA in a separate lawsuit due to a limitations bar.[7] *See* 29 U.S.C. § 626(d)(1)(A) (ADEA statute of limitations).

---

[7]Grimsley argues that the amendment is proper because RHA d/b/a MRMC had notice of his claim through its counsel, who also represents the Foundation. Notice to a mistakenly-unnamed defendant can be relevant to the decision to allow an amendment to relate back to an original pleading for statute of limitations purposes under Rule 15(c)(1)(C). But the court must conclude that the good cause standard of Rule 16(b)(4) is met before allowing Grimsley to amend his complaint or to argue that any potential amendment relates back to the date of his complaint. "The Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15." 6A Charles A. Wright, et al., *Federal Practice and Procedure* § 1522.2, at 312 (3d ed. 2010).

Under the third Rule 16(b)(4) factor, the court considers the prejudice that may result from allowing Grimsley to amend his complaint at this late date. In opposing Grimsley's motion, the Foundation argues primarily that Grimsley failed to exercise the required level of diligence in discovering the identity of his employer. It does not argue that it would suffer prejudice if the court grants Grimsley leave to amend. Indeed, it is difficult to envision how the Foundation would suffer any prejudice since the action against it is being dismissed with prejudice today.

And because RHA, as a non-party to this lawsuit, has not responded to Grimsley's motion, the court can only speculate about whether RHA will suffer prejudice if leave is granted. To be sure, RHA will be subjected to defending an employment discrimination lawsuit involving claims based on conduct that allegedly occurred three years ago. His lawsuit would probably be time-barred if he were required to file a separate lawsuit against RHA and therefore could not avail himself of the operation of Rule 15(c)(1)[8] in this suit. Allowing Grimsley to prosecute such claims would conceivably require RHA to investigate and defend against conduct that occurred three years ago, perhaps searching for potential witnesses with whom it is no longer in contact.[9] But these concerns do not amount

---

[8]Rule 15(c)(1) controls when "[a]n amendment to a pleading relates back to the date of the original pleading[.]"

[9]The court suggests no final view on this potentiality because, as discussed above, *see, e.g., supra* note 6, Grimsley

to sufficient prejudice because RHA can raise them when litigating whether Grimsley's claims against it relate back to the date he filed this lawsuit. Rule 15(c)(1)(C)(i) enables RHA to argue, for example, that it will suffer prejudice in defending this lawsuit because it did not receive notice of Grimsley's claim within the limitations period. *See Johnese v. Jani-King, Inc.*, 2007 WL 2263926, at *2 (N.D. Tex. Aug. 8, 2007) (Fitzwater, J.) (explaining that claim may relate back only when, *inter alia*, party will not suffer prejudice for lack of notice). Given that RHA will be able to oppose relation back under Rule 15(c)(1), it will not suffer legal prejudice if Grimsley is allowed to add RHA as a party. *See Hancock v. Chi. Title Ins. Co.*, 2010 WL 3766695, at *2 (N.D. Tex. Sept. 28, 2010) (Fitzwater, C.J.) (explaining that plain legal prejudice exists when a party is deprived of a defense or when its legal standing is otherwise similarly affected).

The fourth factor—the availability of a continuance to cure such prejudice—is factually inapposite.

Considering the four factors holistically, the court finds good cause to modify the scheduling order. Despite a lack of diligence, Grimsley's proposed amendment is important. He seeks to add a defendant under circumstances that will avoid certain dismissal of his lawsuit and enable him to litigate whether the

---

maintains that RHA and the Foundation share the same attorney, and it is conceivable that RHA can secure the fruits of any investigation conducted by the Foundation.

amendment should relate back and thus avoid the time-bar. The current defendant—the Foundation—will not be prejudiced by granting such leave because the court is dismissing the lawsuit against it with prejudice. The court can only speculate about whether RHA will be prejudiced, and RHA will be able to present its concerns about its late joinder in the lawsuit when litigating whether Grimsley's amendment relates back to his original pleading.

Having found good cause, the court addresses whether it should grant Grimsley leave to replead under the more liberal standard of Rule 15(a)(2).[10] "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal quotations omitted). The court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[10]Grimsley's reliance on Rule 21 and *Robinson v. Robinson*, 2010 WL 3938399 (N.D. Tex. Sept. 8, 2010) (Kaplan, J.), is misplaced. Rule 21 analysis is inapposite because, after the scheduling order deadline for amending pleadings has elapsed, "[t]he court considers the more liberal standards of . . . Rule 21 only if the movant satisfies the requirements of Rule 16(b)." *McCombs v. Allwaste Recovery Sys., Inc.*, 1999 WL 102816, at *2 (N.D. Tex. Feb. 24, 1999) (Fitzwater, J.). And in *Robinson* Judge Kaplan substituted the *pro se* plaintiff's corporate employer as a defendant where the plaintiff had sued her supervisor and the company's owner in their individual capacities, reasoning that *pro se* pleadings in Title VII cases must be construed liberally. *Robinson*, 2010 WL 3938399, at *2. But unlike the present case, Rule 16(b) did not control Judge Kaplan's decision because the plaintiff did not seek leave to amend her complaint *after* the scheduling order deadline. *See id.*

party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although Grimsley has not exercised diligence in seeking leave to amend his complaint, justice requires that he be given leave to replead. There is no evidence of bad faith or dilatory motive on Grimsley's part, nor has he repeatedly failed to cure deficiencies by amendments previously allowed. Moreover, for the reasons already explained, the court cannot say that RHA will suffer undue prejudice if the court grants leave to amend. Finally, until the court addresses whether the amendment relates back, it cannot say that Grimsley's amended complaint fails based on futility of amendment. The court thus grants Grimsley leave to amend pursuant to Rule 15(a)(2). He may file an amended complaint that sues only RHA,[11] and he must do so within 14 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, the Foundation's December 30, 2010 motion to dismiss for lack of subject matter jurisdiction is denied, and its alternative motion for summary judgment is granted. Grimsley's action against the Foundation is dismissed by Rule 54(b) final judgment filed today. Grimsley's December 1, 2010 motion for

---

[11]In his proposed amended complaint, Grimsley lists three defendants: the Foundation, MHSR, and RHA d/b/a RRMC. He must revise his amended complaint to sue only RHA (whether he adds the d/b/a is up to Grimsley).

-19-

leave to file an amended complaint is granted. He must file his amended complaint within 14 days of the date this memorandum opinion and order is filed. The trial setting of May 16, 2011 is vacated.

**SO ORDERED.**

March 3, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE